FILED
U.S. DISTRICT COURT
CF LA

2004 NOV 22 P 3: 22

SIGN_____
BY DEPUTY CLERK

UNITED STATES OF AMERICA :

*versus* :

45,000, INC. :

CRIMINAL NO. 04- 180-D-2

## PLEA AGREEMENT

1.

The Office of the United States Attorney for the Middle District of Louisiana, through undersigned counsel, and the above-named defendant agree that the defendant will enter a plea of guilty to a Bill of Information charging the illegal discharge of pollutants, in violation of Title 33, United States Code, Section 1319(c)(1)(A).

2.

The United States Attorney and the defendant agree that, if the Court accepts the guilty plea, no additional criminal charges related to the violation contained in the Bill of Information will be brought against the defendant in this district.

3.

The defendant agrees to fully and truthfully complete the financial statement provided to it by the Office of the United States Attorney and to return the financial statement to the undersigned Assistant United States Attorney within ten days of this agreement being filed with the Court. Further, upon request, it agrees to provide the Office of the United States Attorney with any information or documentation in its possession regarding its financial affairs and agrees to submit to a debtor's examination when requested. The defendant agrees to provide this information whenever requested until such time as any judgment or claim against it, including principal, interest, and penalties is discharged or satisfied in full. This

| INITIALS | DOCKET# |
|----------|---------|
| *bp* | 4 |

information will be utilized to evaluate its capacity to pay the government's claim or judgment against it, whatever that claim or judgment may be. If the defendant refuses to comply with this paragraph or provides false or misleading information, it may, after a judicial finding of such, be prosecuted for any offense covered by the agreement, and all statements and information provided by the defendant may be used against it. The defendant's plea of guilty may not be withdrawn.

4.

The defendant hereby expressly waives the right to appeal its conviction and sentence, including any appeal right conferred by Title 18, United States Code, Section 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under Title 28, United States Code, Section 2255. The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum, and (b) any punishment to the extent it constitutes an upward departure from the guidelines range deemed most applicable by the sentencing court. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel.

5.

Pursuant to Rule 11(c)(1)(C), *Federal Rules of Criminal Procedure*, the defendant and the United States Attorney agree that a fine of $25,000 and restitution of $2,500 to the community is the appropriate disposition of this case. The Court must impose a special assessment of $125. The defendant agrees to pay all monetary penalties within 10 days after sentencing.

6.

Pursuant to Rule 11(c)(3)(A) and 11(c)(5), *Federal Rules of Criminal Procedure*, the Court may accept or reject this Plea Agreement or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the Presentence Report. If the

2

Court rejects the Plea Agreement, the Court, on the record, will so inform the defendant and advise the defendant that the Court is not bound by the Plea Agreement. The Court will give the defendant an opportunity to withdraw the plea and will advise the defendant that, if the plea is not withdrawn, the disposition of the case may be less favorable to the defendant than contemplated by the Plea Agreement. If the Court accepts the Plea Agreement, the Court will inform the defendant that it will embody in the judgment and sentence the disposition provided for in the Plea Agreement.

7.

The defendant understands that the maximum sentence which could be imposed if the Court rejects this Plea Agreement, and the defendant chooses to maintain its plea of guilty, is up to five years probation, a fine, the greater of $2,500 to $25,000 per day of violation, $200,000, or twice the gain or loss, restitution to victims, and a mandatory special assessment of $125.

8.

The United States and the defendant stipulate, for purposes of Rule 11(b)(3) of the *Federal Rules of Criminal Procedure* and pursuant to Section 6B1.4 of the *United States Sentencing Guidelines*, to the factual basis contained in a separate document and is incorporated by reference herein. The defendant understands that the Court is not bound by this stipulation.

3

9.

The defendant acknowledges that this Plea Agreement has been entered into knowingly, voluntarily, and with the advice of counsel, and that it fully understands the agreement. The defendant has no objection to the legal representation it has received.

This Plea Agreement is entered into this _18th_ day of ~~October,~~ *NOVEMBER* 2004, at Baton Rouge, Louisiana.

UNITED STATES OF AMERICA, by

45,000, INC.
DEFENDANT

LYMAN E. THORNTON, III, LBN 20393
ACTING UNITED STATES ATTORNEY

ERIC L. PITTMAN, LBN 10648
ATTORNEY FOR DEFENDANT
1930 Florida Avenue SW
Denham Springs, LA 70726
Telephone: (225) 664-9500
Fax: (225) 664-2117

COREY R. AMUNDSON, LBN 28865
ASSISTANT U.S. ATTORNEY
777 Florida Street, Suite 208
Baton Rouge, LA 70801
Telephone: (225) 389-0443
Fax: (225) 389-0561

4